UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRINITY PHARRIS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | Case No. 2:15-cv-01441-RFB-GWF<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court is Defendant State of Nevada Department of Corrections' Motion to Set Aside Default. ECF No. 14.

## II.    BACKGROUND

Plaintiff Trinity Pharris filed her Complaint on July 28, 2015. ECF No. 1. Plaintiff moved for Entry of Clerks Default on January 29, 2016. ECF Nos. 10, 12. The Clerk of the Court entered Default on February 1, 2016. ECF No. 13. Defendant filed a Motion to Set Aside Clerk's Entry of Default on February 11, 2016. ECF No. 14. Plaintiff does not oppose this Motion. ECF No. 15.

## III.   LEGAL STANDARD

A court can set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, courts consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct leading to default, (2) whether it has a meritorious defense, and (3) whether the opposing party will be prejudiced. Brandt v. Amer. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). A finding against the moving party on any one of those factors is a sufficient basis to deny the motion

to set aside the default. U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. (quoting Falk, 739 F.2d at 463). Additionally, the district court's decision is ultimately an equitable one that takes into account all relevant circumstances. Brandt, 653 F.3d at 1111. Where it is an entry of default—rather than a default judgment—that a party seeks to have set aside, courts have particularly broad discretion. O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994). Finally, any doubt should be resolved in favor of the movant as long as relief is timely sought and the movant has a meritorious defense. Id.

**IV.     DISCUSSION**

Plaintiff has stated that she does not oppose Defendant's Motion to Set Aside Default. See Opp'n at 2. Further, the Court finds that the factors enumerated in U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle favor setting aside default in this case. 653 F.3d at 1111.

First, there is no suggestion of culpable conduct. Culpability in the context of default judgment, is ordinarily found where no explanation for the Defendant's conduct would be "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001). Defendant has not engaged in such conduct. While the parties disagree on whether service was proper, the Court notes that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," and "dismissal is generally not justified absent a showing of prejudice." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). The Rules governing service of process "are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. . . . Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citations and quotations omitted). In this case, Plaintiff served the Defendant by mailing the EEO Division Administrator. Opp'n at 2; Opp'n, Ex. A.

Defendant maintains this was improper and, in its Reply, Defendant asks the Court grant its Motion to Set Aside Default and further requests, for the first time, that this Court also hold that Plaintiff's service attempt was improper. While the Court grants Defendant's Motion to Set Aside Default, it declines to determine whether service was improper at this time. Should Defendant move to dismiss Plaintiff's Complaint for Improper Service under Fed. R. Civ. P. 4 at a later time, Defendant shall be permitted to do so. At present, it is sufficient to find that Defendant did not engage in culpable conduct for the purposes of setting aside default.

Second, it appears that Defendant has a meritorious defense. Defendant has represented that "the NDOC has several meritorious defenses to Plaintiff's claims including that Plaintiff failed to institute this Title VII action within the ninety day period following receipt of her right to sue letter." Mot. Set Aside at 3. Third, there is no suggestion of prejudice by Plaintiff, as evidenced by the fact that she does not oppose the motion, this matter is at present in the early stages of litigation, and there is no evidence that she cannot properly pursue her claims at this time. Therefore, the Court GRANTS Defendant's Motion to Set Aside Default. ECF No. 14.

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Default is GRANTED.

**IT IS FURTHER ORDERED** that Defendant shall have until July 29, 2016 to file its responsive pleading to the Complaint.

**DATED** July 13, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**