Ruth L. Cohen, Esq. (NV Bar #1782)
Email: rlc@paulpaddalaw.com
Paul S. Padda, Esq. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: paulpaddalaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRINITY PHARRIS,

        Plaintiff,

v.

STATE OF NEVADA DEPART-
MENT OF CORRECTIONS,

        Defendant.

No. 2:15-cv-1441-RFB-GWF

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

### (First Request)

Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(b)(1)(B), Plaintiff respectfully requests that the Court extend, to and until September 19, 2016, the time within which Plaintiff must respond to Defendant's pending motion to dismiss.[1] Plaintiff's response was due on August 15, 2016. This is Plaintiff's first request for an extension of time for the purpose set forth herein.

. . .

---

[1] Pacer #19.

In support of this motion, Plaintiff relies upon the memorandum of points and authorities set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 6(b)(1)(B) permits a party to extend a deadline after its expiration upon a showing of "excusable neglect." The standard to be applied by a court under FRCP 6(b)(1) is a liberal one in order to "effectuate the general purpose of seeing that cases are tried on the merits." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Id at 1259.

Here, undersigned counsel's office failed to properly calendar the deadline for responding to the pending motion to dismiss. While this should <u>never</u> have occurred, the fact that it did was the result of excusable neglect.[2] During the past two months, undersigned counsel has been implementing a deadline management system that will hopefully avoid similar problems. In the past, a clerical staff member was responsible for calendaring deadlines and, in this instance, failed to properly calendar the response deadline in this matter. Notwithstanding the foregoing, undersigned counsel bears ultimate responsibility for adhering to all court deadlines and therefore sincerely apologizes to the Court for any inconvenience occasioned by this request for extension of time.[3]

Undersigned counsel has commenced drafting an appropriate response to Defendant's motion to dismiss and expects to have it filed no later than September 19, 2016. Accordingly,

---

[2] Upon discovering the mistake, undersigned counsel initiated the drafting and filing of this motion.

[3] Unfortunately, mistakes due to human error sometimes occur – as evidenced by the fact that Defendant itself failed to timely respond to Plaintiff's Complaint in this case and failed to file supporting exhibits with the motion to dismiss which were later filed by "supplement."

2

undersigned counsel respectfully requests that the Court grant this extension of time.

## CONCLUSION

Based upon the foregoing, undersigned counsel respectfully requests to and until September 19, 2016 (Monday) to file response to the pending dispositive motion.

Respectfully submitted,

/s/ Ruth L. Cohen
_____
Ruth L. Cohen, Esq.
Paul S. Padda, Esq.

Attorneys for Plaintiff

Dated: September 15, 2016

IT IS SO ORDERED:

**Plaintiff's motion for an extension of time to respond to Defendant's dispositive motion (Pacer #19) is hereby granted. Plaintiff's response shall be due on or before September 19, 2016.**

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED:  September 25, 2016.

## CERTIFICATE OF SERVICE

In compliance with the Court's Local Rules, the undersigned hereby certifies that on September 15, 2016, a copy of the foregoing document, "PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS" was served (via the Court's CM/ECF system) upon all counsel of record.

/s/ Paul S. Padda
_____
Paul S. Padda, Esq.

3